FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
MAY - 9 2005
JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

PATRICK HALTIWANGER                          PLAINTIFF

V.                            5:03CV00432 GH/HDY

LARRY NORRIS, *et al.*                          DEFENDANTS

## AMENDED FINDINGS AND RECOMMENDED PARTIAL DISPOSITION

Plaintiff, a prisoner at the Varner Super Max Unit of the Arkansas Department of Correction, filed a *pro se* Complaint (docket entry #2), Amended Complaint (docket entry #12), and Second Amended Complaint (docket entry #60), pursuant to 42 U.S.C. § 1983, alleging various constitutional violations against Defendants. The Undersigned entered Findings and Recommended Partial Disposition on October 13, 2004 (docket entry #79) which addressed many of Plaintiff's claims. A pre-jury evidentiary hearing was held on October 20, 2004, and a second Findings and Recommended Partial Disposition was entered on November 4, 2004 (docket entry #86). These recommendations were adopted by the district court on February 28, 2005 (docket entries # 90 and #91), and the case has been set for a jury trial in December on the sole remaining claim. Plaintiff was appointed counsel, and that attorney has filed a Motion to Be Relieved (docket entry # 101). Upon review of counsel's Motion, it appears that the combination of the two recommendations has resulted in a misunderstanding concerning the remaining claims in this case, which this Finding and Recommendation seeks to clarify.

Plaintiff alleged that he had been denied adequate medical care, access to the court, and other

1

102

constitutional violations at the hands of the Defendants. In the first Recommended Partial Disposition, the undersigned recommended that Plaintiff be permitted to proceed only with his claims of denial of forty-eight hour respite relief from punitive isolation, and that all of his other claims against all of the Defendants, save Defendant Manus, be dismissed.

At the pre-jury hearing, however, it became apparent that Plaintiff's intended allegations also included claims that he had been left in punitive isolation for a month and a half without relief. Plaintiff stated that Defendants Carroll, Rochelle, Scott, Brown, Toney, Banks, Greenway, Brewer, Compton, and Hobbs were responsible for this oversight. The Court permitted Plaintiff to proceed with these contentions and allowed the Defendants an opportunity to supplement the record with additional evidence following the hearing. *See* docket entry #85, Defendants' Supplement in Support of Motion for Judgment on the Pleadings.

In the second Recommended Partial Disposition, the undersigned found that Plaintiff had produced sufficient evidence to proceed to a jury trial on his claims that he had been denied forty-eight hour respite relief by Defendant Manus and that Defendants Carroll, Rochelle, Scott, Brown, Toney, Banks, Greenway, Brewer, Compton, and Hobbs had subjected him to punitive isolation without due process of law by keeping him in punitive isolation for almost two months after he had completed serving his duly-imposed punitive sentences.

As a result of the multiple Orders submitted to the district court accompanying the two recommended partial dispositions, it has not been sufficiently clear, either on the Court's docket or to the parties, what claims remain pending to be addressed at the scheduled jury trial. Therefore, the undersigned makes the following amended recommendations:

2

1) Plaintiff be allowed to proceed with his claim of denial of forty-eight hour respite from punitive isolation against Defendant Manus;

2) Plaintiff be allowed to proceed with his claims that Defendants Carroll, Rochelle, Scott, Brown, Toney, Banks, Greenway, Brewer, Compton, and Hobbs had subjected him to punitive isolation without due process of law by keeping him in punitive isolation for almost two months after he had completed serving his duly-imposed punitive sentences. The docket should be corrected to reflect that these Defendants are still party Defendants in this action and that these claims against them have not been terminated.

3) The Motion of Plaintiff's counsel to be relieved in this matter (docket entry #101) be DENIED. In light of this Recommendation, Plaintiff's counsel may find himself enlightened about the nature of the claims to the extent that the issues raised in his Motion are no longer relevant. Counsel should be granted leave to re-file this request if his concerns are not sufficiently alleviated by this recommendation.

4) The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations would not be taken in good faith.

DATED this 9 day of May, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

3